| | | |
|---|---|---|
| NORTH CAROLINA | FILED | IN THE GENERAL COURT OF JUSTICE |
| | ) | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | 2022 MAR 14 P 4:05 | FILE NO: 22CVS1226 |

FORSYTH CO., C.S.C.
BY KW

OMAR KHOURI, )
)
Plaintiff )
)
v. )
)
AFOX & ASSOCIATES LLC ) **COMPLAINT AND DEMAND**
and SENTINEL SECURITY LIFE INSURANCE ) **FOR TRIAL BY JURY**
COMPANY )
and ADAM D SCHWARTZ )
and EVAN A WADSWORTH )

Defendants

Plaintiff, complaining of Defendants, alleges and says:

1. Plaintiff is an individual with a mailing address at 1959 N Peace Haven Rd Ste 101, Winston Salem, North Carolina, in Forsyth County.

2. Plaintiff is an individual with a primary residence in Forsyth County, North Carolina.

3. The first Defendant, AFOX & Associates LLC, is a Florida Limited Liability Company with a principal address at 2300 Wyndham Palms Way, Kissimmee, Florida.

4. The second Defendant, Sentinel Security Life Insurance Company, is a Utah corporation with a principal address at 257 East 200 South Ste 725, Salt Lake City, Utah.

5. The third Defendant, Adam D Schwartz, is an individual with a residence in Valrico, Florida.

6. The fourth Defendant, Evan A Wadsworth, is an individual with a residence in Pompano Beach, Florida.

1

7. All United States based phone numbers in control of Plaintiff are registered on the Federal Do Not Call Registry and have been for a period of greater than 31 days prior to the events giving rise to this action.

8. Plaintiff received an unsolicited phone call on his cellular telephone from Defendants on December 15, 2021 at approximately 12:14PM.

9. Defendants placed the phone call described in Paragraph 8 for the purpose of soliciting a sale of one or more insurance products from Plaintiff.

10. Upon Plaintiff's answering the call specified in Paragraph 8, Defendants failed to truthfully identify their company name or the name of the individual making the call.

11. Defendants used an automatic dialing system to place the phone call referred to in Paragraph 6.

12. Defendants used caller ID alteration tactics to hide their real phone number and identity during the phone call referred to in Paragraph 8, and transmitted a caller ID telephone number of 336-978-7434.

13. Defendants' representative used a false identity of "Senior Benefits" when identifying the company from which he was calling, upon Plaintiff's answering the phone call described in Paragraph 6.

14. Defendants' representative used a false identity of "Alex" when identifying himself, upon Plaintiff's answering the phone call described in Paragraph 8.

15. Defendants' representative "Alex" informed Plaintiff they were calling him regarding a low-cost final expense program designed to cover his funeral and burial expenses at 100%.

16. Defendants' representative "Alex" asked Plaintiff a single qualifying question for their program, then proceeded to ask Plaintiff for his name and zip code.

17. By the actions described in Paragraph 16, Defendants demonstrated that they did not know who they were calling.

18. Defendants took no measures to ensure they did not contact telephone subscribers whose telephone number appears in the latest Do Not Call Registry at the time they placed the phone call described in Paragraph 8.

19. Defendants' representative "Alex" is not and never has been a licensed insurance agent or producer in any jurisdiction in the United States.

20. After attempting to have Plaintiff choose an insurance coverage plan, "Alex" informed Plaintiff that he would connect Plaintiff to "the best licensed agent."

21. "Alex" transferred the call to Defendants' representative who identified herself as "Faith."

22. Defendants' representative "Faith" was Faith Marie Cannon (hereafter "Cannon"), a North Carolina licensed insurance producer with National Producer Number 19163363.

23. Upon joining the call, Cannon informed Plaintiff that she was a field underwriter, but failed to identify the name of the company for which she worked.

24. During discussions with Cannon, Cannon acknowledged to Plaintiff that her group contacted him regarding the sale of insurance products.

25. Only after Plaintiff answered Cannon's questions and agreed to make a purchase did Cannon inform Plaintiff that she was selling him an insurance policy from defendant Sentinel Security Life Insurance Company.

3

26. Only after Plaintiff answered Cannon's questions and agreed to make a purchase did Cannon inform Plaintiff that she was an insurance broker with AFOX & Associates LLC.

27. Cannon stated multiple times that she was with Sentinel Security Life, misleading Plaintiff into believing that she was an employee of defendant Sentinel Security Life Insurance Company.

28. Defendants' representative Cannon did not inform Plaintiff as to the true name of the company for which she worked until approximately 22 minutes into the phone call, after Plaintiff agreed to make a purchase.

29. Defendants' representative Cannon did not inform Plaintiff as to the true name of the company from which she was calling until approximately 22 minutes into the phone call, after Plaintiff agreed to make a purchase.

30. Cannon is appointed as an insurance producer for Sentinel Security Life Insurance Company, with an effective date range of February 15, 2022 through March 31, 2023.

31. Cannon attempted to sell Plaintiff a Sentinel Security Life Insurance product before the effective dates of her appointment, specified in Paragraph 30.

32. Defendant AFOX & Associates LLC has a National Producer Number of 18419883 and is licensed in North Carolina.

33. Defendant AFOX & Associates LLC has only one designated insurance producer, Defendant Evan A Wadsworth, National Producer Number 18359583.

34. Defendant AFOX & Associates LLC has never been appointed to sell Sentinel Security Life Insurance products in North Carolina.

35. Defendant Evan A Wadsworth has never been appointed to sell Sentinel Security Life Insurance products in North Carolina.

36. Defendants never sent any communications to Plaintiff via mail or any other means prior to the events giving rise to this action.

37. Defendants did not inquire or otherwise take precautions to ensure Plaintiff was over the age of 18 prior to initial contact.

38. Plaintiff did not opt-in to receive phone calls from Defendants.

39. Plaintiff has never had a business relationship with Defendants.

40. Defendants do not have systems or written procedures in place to prevent telephone solicitations to telephone subscribers whose telephone numbers appear in the "Do Not Call" Registry.

41. Due to the lack of the systems and procedures described in Paragraph 40, Defendants do not train, monitor, or enforce compliance by their employees on such systems and procedures.

42. Due to the lack of the systems and procedures described in Paragraph 40, Defendants do not monitor or enforce compliance by their independent contractors, if any were used during the events giving rise to this action, on such systems and procedures.

43. Defendants do not for a period of 24 months from the date a telephone solicitation is made, keep records of the legal name, any fictitious name used, the resident address, the telephone number, and the job title of each individual making telephone solicitations on their behalf.

44. Plaintiff, in an attempt to settle the matter informally, sent a demand letter and spoliation notice to Defendants on December 16, 2021, demanding payment for damages for violations of the Federal Do Not Call registry, the Telephone Consumer Protection Act,

CaSeas2e22:22-0c0300302DSDdcdmeDodumerFiled 04et902219722ge Pagef 54f 9

North Carolina Telemarketing Compliance laws, and deceptive trade practices, but was unable to resolve the matter.

45. By the reason of Defendants' willful violations of N.C.G.S. § 75-1, *et seq*, Plaintiff has been damaged.

46. North Carolina General Statute § 75-1.1(a) states:

> Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

47. North Carolina General Statute § 75-102(a) states:

> Except as provided in G.S. 75-103, no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry.

48. North Carolina General Statute § 75-102(c) states:

> Any telephone solicitor who makes a telephone solicitation shall do all of the following:
> (1) At the beginning of the telephone solicitation, state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation.
> (2) Upon request, provide the telephone subscriber with the telephone number or address at which the telephone solicitor may be contacted.
> (3) If the telephone subscriber requests to be taken off the contact list of the telephone solicitor, the telephone solicitor shall take all steps necessary to remove the telephone subscriber's name and telephone number from the contact list of the telephone solicitor and stop calling the telephone subscriber within 30 business days.
> (4) If the telephone subscriber objects to the telephone solicitation, terminate the telephone solicitation and promptly disconnect from the telephone line of the person receiving the call.
> (5) Notwithstanding subdivision (3) of this subsection, if a telephone solicitor relies on the established business relationship of an affiliate to solicit a residential telephone subscriber whose telephone number is listed in the latest edition of the "Do Not Call" Registry and the person called communicates a desire to receive no further telephone solicitations from the telephone solicitor, the telephone solicitor shall take all steps necessary to remove that telephone subscriber's telephone number from the contact lists of the telephone solicitor and that affiliate, unless the telephone subscriber indicates otherwise, and the telephone solicitor and that affiliate shall stop calling the telephone subscriber at that number within 60 business days.

6

49. North Carolina General Statute § 75-102(d) states:

> Every telephone solicitor shall implement systems and written procedures to prevent further telephone solicitations to any telephone subscriber who has asked not to be called again at a specific number or numbers or whose telephone number appears in the "Do Not Call" Registry. Every telephone solicitor shall train, monitor, and enforce compliance by its employees and shall monitor and enforce compliance by its independent contractors in those systems and procedures. Every telephone solicitor shall ensure that lists of telephone numbers that may not be contacted by the telephone solicitor are maintained and recorded. Compliance with the time requirements within the Telemarketing Sales Rule for incorporating and complying with updated versions of the "Do Not Call" Registry shall constitute compliance with North Carolina law.

50. Carolina General Statute § 75-102(g) states

> A telephone solicitor shall inquire as to whether the telephone subscriber is under the age of 18. If the telephone subscriber purports to be less than 18 years of age, the telephone solicitor shall discontinue the call immediately. No inquiry is required where the solicitor has taken reasonable steps to remove all telephone contacts who are less than 18 years of age from its list of subscribers being contacted or can demonstrate that it does not target subscribers who are less than 18 years of age.

51. North Carolina General Statute § 75-102(i) states:

> No telephone solicitor shall cause misleading information to be transmitted to users of caller identification technologies or otherwise block or misrepresent the origin of the telephone solicitation. No provider of telephone caller identification services shall be held liable for violations of this subsection committed by other individuals or entities. It is not a violation of this subsection for a telephone solicitor to utilize the name and number of the entity the solicitation is being made on behalf of rather than the name and number of the telephone solicitor.

52. North Carolina General Statute § 75-102(j) states:

> A telephone solicitor or its agent that makes telephone solicitations on its behalf, provided that the telephone solicitor ensures compliance by its agent, shall keep a record for a period of 24 months from the date a telephone solicitation is made of the legal name, any fictitious name used, the resident address, the telephone number, and the job title of each individual who makes a telephone solicitation for that telephone solicitor. If an individual who makes telephone solicitations for a telephone solicitor uses a fictitious name, the fictitious name shall be traceable only to the specific individual.

53. North Carolina General Statute § 75-104(a) states:

7

> Except as provided in this section, no person may use an automatic dialing and recorded message player to make an unsolicited telephone call.

54. North Carolina General Statute § 75-102(k) states:

> Nothing in this section prohibits a telephone solicitor from contacting by nontelephonic notice a telephone subscriber whose telephone number appears in the "Do Not Call" Registry to obtain the telephone subscriber's express invitation or permission allowing the telephone solicitor to make telephone solicitations to the telephone subscriber. A telephone solicitor shall not contact a telephone subscriber by telephone to obtain this express invitation or permission.

55. North Carolina General Statute § 75-104(b) states, in part:

> Notwithstanding subsection (a) of this section, a person may use an automatic dialing and recorded message player to make an unsolicited telephone call only under one or more of the following circumstances:
> (1) All of the following are satisfied:
>     a. The person making the call is any of the following:
>         1. A tax-exempt charitable or civic organization.
>         2. A political party or political candidate.
>         3. A governmental official.
>         4. An opinion polling organization, radio station, television station, cable television company, or broadcast rating service conducting a public opinion poll.
>     b. No part of the call is used to make a telephone solicitation.
>     c. The person making the call clearly identifies the person's name and contact information and the nature of the unsolicited telephone call.
> (2) Prior to the playing of the recorded message, a live operator complies with G.S. 75-102(c), states the nature and length in minutes of the recorded message, and asks for and receives prior approval to play the recorded message from the person receiving the call.

56. North Carolina General Statute § 75-105(b) states:

> A telephone subscriber who has received a telephone solicitation from or on behalf of a telephone solicitor in violation of this Article may bring any of the following actions in civil court:
> (1) An action to enjoin further violations of this Article by the telephone solicitor.
> (2) An action to recover five hundred dollars ($500.00) for the first violation, one thousand dollars ($1,000) for the second violation, and five thousand dollars ($5,000) for the third and any other violation that occurs within two years of the first violation.

8

57. North Carolina General Statute § 75-16 states:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

58. Plaintiff is not making any complaint against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## CLAIM FOR RELIEF

59. Plaintiff hereby incorporates paragraphs 1 through 58 as if fully set out herein.

60. Plaintiff seeks a compensatory and punitive judgment in a total amount in excess of $25,000, plus costs and interest.

61. Plaintiff seeks injunction preventing Defendant from contacting Plaintiff by any means unless Plaintiff has expressly permitted or requested contact.

62. Plaintiff seeks any additional relief as the Court may deem just and proper.

This is the 11th day of March, 2022.

_____
Omar Khouri
1959 N Peace Haven Rd Ste 101
Winston Salem, NC 27106
Phone: 336-499-0736
omarwkhouri@outlook.com

*Pro Se Plaintiff*